Per Curiam,:

On the motions to confirm the .reports of Special Commissioner Eveleth, bearing date, respectively, the 2d day of March 1875, and the 6th day of April, 1875, and the 21st day of April, 1875, after hearing counsel for the respective claimants and for the defendants, and after due consideration of the evidence offered in all of such cases—
. It is ordered and directed that the said reports be, and are hereby, amended in the following particulars:
1. The first fund, consisting of Yicksburgh and Natchez cotton, intermingled so that the identity thereof has been destroyed, as described in the report, will stand at the sum of $948,313.30. The number of bales contributed to this fund by capture, and which it represents, will stand at 5,341 bales, and the price per bale which parties should recover will stand at $177.55 per bale.
The cases of—
James J. Persons’ assignee, v. The United States; Daniel J. Dohan v. Same; Eliza A. Cochran v. Same; William E. Hall v. Same; Mary E. Bledsoe, guardian, v. Same; Martha Crane v. Same, are stricken out of the report and remanded to the general docket, with leave to both parties, claimant and defendant, to take further evidence, but upon condition that if any of the cases hereafter be brought to trial, and the claimant recovers out of the funds set forth in the report, the claimant, before judgment, shall pay to the commissioner his fees and expenses at the rate hereinafter prescribed for claimants whose cases are now prosecuted to judgment.
The cases of A. Perryman v. The United States; Anson Wolcott v. Same; Susan Bolls v. Same; Mrs. V. O. West v. Same; Sylvia A. Perry v. Same; T. C. A. Dexter v. Same, are remanded to the'commissioner, but on condition that if it hereafter appear *516 that they are entitled to relief out of the two funds now disposed of, the petitions shall be dismissed, and they are stricken out of this report.
In the cases of James A. Fox v. The United States; Jesse B. Ferguson v. Same; E. H. Pace v. Same; John Harod v. Same; Mrs. A. Smith v. Same; J. E. Fore v. Same; Joseph C. Jones v. Same; Cornelius T. Cunningham v. Same; Solomon Galinger v. Same, the report of the commissioner is confirmed, and judgment will be entered dismissing the petitions of the respective claimant s.
In the case of Mrs. Nanette Switzer (late Abell) v. The United States, the report of the commissioner is confirmed as to 73 bales of the cotton claimed, and the remaining 27 are found on the evidence to have been the property of the Confederate government at the time of capture, and are now adjudged to be the property of the United States.
In the case of James A. Hutchinson v. The United States, the report of the commissioner is confirmed as to 42 bales of the cotton claimed, and the remaining 23 bales are found on the evidence to have been the property of the Confederate government at the time of capture, and are adjudged to be the property of the United States.
In the case of Joel E. Willis Administrator v. The United States, the report of the commissioner is not confirmed, and the claimant is found on the evidence not to have proved the capture of the cotton sought to be recovered, and judgment will be entered dismissing the petition.
In the case of Seth E. Kellogg v. The United States, the report is not confirmed as to the title of the claimant to the cotton sought to be recovered, and the evidence relied upon by the commissioner is excluded as incompetent. The case will be remanded to the general docket, with leave to the parties to give further evidence as to the title of the claimant and his vendors, John Buckingham & Co., to the cotton in suit, upon condition that if the case be hereafter brought to trial the claimant shall before judgment pay to the commissioner his fees and expenses at the rate hereinafter provided.
And it is further ordered that in the following cases the report of the commissioner be confirmed and judgment be entered in favor of the respective claimants for the quantity of cotton reported by the commissioner at the rates fixed by the foregoing amendments to his report:
*517 FIRST FUND, AT $177.55 PER BALE.
Robert G. Johnson v. The United States, 149 bales.
Ellen D. Batcheldor x. Same, 51 bales.
John H. Newman v. Same, 50 bales.
E. K. McLean v. Same, 21 bales.
Thomas Y. Berry, administrator, v. Same, 149 bales.
Juliet Glass v. Same, 18 bales.
J. Reese Coolc x. Same, 40 bales.
Thomas A. Marshall v. Same, 22 bales.
Richard Taylor v. Same, 6 bales.
Thomas Kidd, guardian, v. Same, 64 bales.
James Stewart v. Same, 70 bales.
Charlotte Spear v. Same, 70 bales.
Mary P. Marye's Administrator v. Same, 45 bales.
Thomas Kidd v. Same, 480 bales.
Hiram Harrison v. Same, 200 bales.
Duff Green x. Same, 19 bales.
J. B. Brabston v. Same, 32 bales.
Sarah Cowan v. Same, 48 bales.
E. B. Willis v. Same, 40 bales.
Emma J. Jones v. Same, 100 bales.
Henry Bodenheim v. Same, 90 bales.
Alfred W. Brien v. Same, 40 bales.
John L. Hebron’s Assignee v. Same, 30 bales.
J. W. Maybins, assignee, v. Same, 400 bales.
Armstead Burwell v. Same, 118 bales.
John Willis x. Same, 125 bales.
William E. Hall v. Same, 300 bales.
James Meagher v. Same, 69 bales; and for 45 bales specifically draced, $14,759.90.
Mary W. Thomas v. Same, 112 bales.
Thomas H. Jett v. Same, 25 bales.
George Hawkins v. Same, 15 bales.
James J. Cowan, administrator, v. Same, 120 bales.
Benjamin Harwood v. Same, 75 bales.
Ann Maria Ragsdale v. Same, 100 bales.
Alexander Hutchinson v. Same, 130 bales.
John R. McAlpine v. Same, 100 bales.
Isaac R. Wade v. Same, 21 bales.
Clarissa Young v. Same, 116 bales.
Ann Eliza Routh v. Same, 75 bales.
*518 THIRD EUND, AT $111.97.
E. E. Mount, administratrix, v. The United States, 5 bales.
Fredericlc A. Metcalf, administrator, v. Same, 55 bales.
Robert M. Douglas et al. v. Same, 1,457 bales.
William F. Smith v. Same, 15 bales.
And it is further ordered that the engrossed and consolidated copy of the reports of the commissioner, as amended by this order, filed herewith, stand as the findings of fact of the court.
And it is further ordered that there be allowed and paid to the commissioner by the several parties for whom judgment is now directed, for his fees and expenses, including those of.' Enoch Totten, esq., his legal assistant, the sum of $6,000, to be-apportioned 'pro rata among the said several claimants, according to the amounts of their respective judgments as hereby directed. That $2,000 of said allowance be paid by the commissioner to his said assistant, Enoch Totten, esq., and that the-entry of judgment in each case will be suspended until the-claimant produces the commissioner’s receipt for the party’s ratable share of the allowance of the commissioner.
And upon the foregoing findings of fact, the court decides-the following as its—
conclusions oe law.
1. The counsel for the Government not having taken steps to consolidate suits where the parties were seeking to recover the proceeds of their property out of a common fund, the court would have been compelled to try the cases separately and render judgment in each without charging each with a conjectural proportion of the general losses to which the fund might have been subjected. It appearing to the court that, at the rate claimants had been recovering, the funds would be exhausted before all of the judgments likely to be recovered were satisfied, and that the resulting consequence would be either that the later judgments would remain unsatisfied or that the-Government would be required to satisfy them from other sources, the court was warranted, for the ultimate protection of the Government and of such later claimants, in suspending proceedings in all of the cases before it, and sending them to- *519 a commissioner, wbo, as an accountaut, would marshal the assets of the property, and charge it with the proper losses, so that equal and exact justice should be done to all. As to the title of the claimants and their rights to the proceeds, the court has determined them upon the evidence, irrespective of the commissioner’s report, wherever requested so to do by either the claimant or the defendants. The first exception of the defendants to the reference of these cases to a commissioner is therefore overruled.
2. As to the Natchez and Vicksburgh cotton, it appears from the evidence that the parcels of different owners were intermingled before shipment, and that some of the shipments from the two points were subsequently intermingled. It being impossible to trace the specific property of each owner, and likewise impossible to determine whether his cotton remained in a shipment from the original point of shipment or went into the intermingled shipments from different points, the whole must be thrown into a common mass, and the average thereof be the measure of damages for all who contributed thereto.
3. With regard to suits brought subsequent to the 20th day of August, 1868, to recover out of the funds now disposed of, the court has no jurisdiction to hear and determine them, and no reservation can be made from the fund to await the possibility of jurisdiction being hereafter conferred.